Turgut YIGIT, Petitioner

v.

ATTORNEY GENERAL OF the UNITED STATES, Respondent.

No. 08–3625.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 18, 2009.

Opinion filed: Dec. 9, 2009.

Jacqueline B. Martinez, Esq., Glenys P. Spence, Esq., JBM Immigration Group, Pittsburgh, PA, for Petitioner.

Richard M. Evans, Esq., Sada Manickam, Esq., Kathryn M. McKinney, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: Chief Judge SCIRICA, SMITH and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Turgut Yigit petitions for review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an Immigration Judge's ("IJ") denial of his motion to reopen. We will grant the petition for review and remand for further proceedings. Yigit is a native and citizen of Turkey. He entered the United States as a visitor in 2000 and overstayed. He was granted voluntary departure on June 4, 2007 and was given until October 2, 2007 to depart. On September 4, 2007, Yigit filed a motion to reopen to adjust his status to lawful permanent resident based on his upcoming marriage to a U.S. citizen, Melinda Sasso. However, at the time he filed his motion, he was still married to Heather Lammert—their divorce did not become final until September 6, 2007. He married Sasso the next day, September 7, 2007.

The IJ found that Yigit's motion to reopen was timely (the 90th day after the June 4, 2007 decision was September 2, which was not a business day—the motion was filed on the next business day, which was September 4, 2007). However, the IJ found that Yigit had not provided evidence that he was eligible for adjustment of status before the 90-day period during which he could file a motion to reopen expired. The IJ noted that Yigit's wife did not file her Form I–130 petition for alien relative and Yigit did not file his Form I–485 application to adjust status until September 13, 2007. The IJ denied relief for failure to make a *prima facie* showing of eligibility for relief that would warrant reopening. The BIA affirmed, noting that "the regulations are not intended for the timely filing of motions involving inchoate claims with eligibility to be later established." Yigit filed a timely, counseled petition for review.

Our jurisdiction is limited to a review of the BIA's order affirming the denial of Yigit's motion to reopen, as he did not file a timely petition for review of the BIA's June 2007 order. *See Stone v. I.N.S.*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). "[W]hen the Board or an Immigration Judge denies reopening on *prima facie* case grounds, the ultimate decision should be reviewed for an abuse of discretion, while findings of fact should be reviewed for substantial evidence". *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002). In order to succeed on the petition for review, Yigit must show that the BIA's ultimate decision affirming the denial of reopening was arbitrary, irrational, or contrary to law. *See Tipu v. INS*, 20 F.3d 580, 582 (3d Cir.1994).

Yigit argues that the motion to reopen should have been granted, because: (1) his

motion was timely; (2) he presented material evidence that was not available at his prior hearing; and (3) his evidence, once it became available, supported a *prima facie* eligibility for relief. We agree. At the time the IJ entered her decision denying the motion to reopen, the IJ was in possession of all the documents showing that Yigit was potentially eligible to adjust his status based on his marriage to Sasso; *i.e.,* his certificate showing his divorce from his first wife, his certificate showing his marriage to Sasso, the Form I–130 Petition for Alien Relative filed on his behalf by Sasso, and Yigit's Form I–485 application to adjust status. *See* IJ's decision, A.R. 65. Yigit had also explained in his filings with the IJ his good-faith attempts to submit the documents during the 90–day period for reopening, and the reasons, beyond his control, why he could not do so. A.R. 72–73. In these circumstances, where it was apparent that Yigit could demonstrate a *prima facie* case for relief, we find that the IJ abused her discretion in denying the motion to reopen, and the BIA thus improperly dismissed Yigit's appeal.[1]

For the foregoing reasons, we will grant the petition for review, and remand for further proceedings.

---

1. We note that Yigit was not in Government custody; thus, the Government would not have been prejudiced by a delay in awaiting the outcome of reopened proceedings.